FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 10, 2026

SEAN F. McAVOY, CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER WALDEN; and TIFFANY WALDEN, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN PAGSISIHAN, a/k/a BENNY PAGSISIHAN, <br><br> Defendant. | No.  1:24-cv-03173-SAB <br><br><br> **ORDER OF DISMISSAL** |

On April 9, 2026, the Court ordered Plaintiffs to show cause why their Complaint should not be dismissed, or in the alternative, granted them leave to file an amended complaint. Plaintiffs filed a First Amended Complaint on April 26, 2026. On May 12, 2026, the Court ordered Plaintiffs to file a second amended complaint in light of further deficiencies in the First Amended Complaint. Plaintiffs filed a Second Amended Complaint on June 7, 2026.

In the Second Amended Complaint, Plaintiffs allege that Defendant posted false statements on the internet that resulted in a loss of income, business earnings, and emotional harm. This suit was filed under the Court's diversity jurisdiction, and Plaintiffs are pursuing claims under Washington State law: (1) defamation, (2) false light invasion of privacy, (3) intentional infliction of emotional distress, and (4) tortious interference with business expectancy. The Court shall address each claim in turn.

To state a defamation claim under Washington State law, a plaintiff must show (1) a false statement concerning another, (2) unprivileged communication of that statement to a third party, (3) fault amounting at least to negligence by the publisher, and (4) damages caused by the publication. *Sims v. Kiro, Inc.*, 20 Wash.

**ORDER OF DISMISSAL  # 1**

App. 229, 233 (1978).

In its prior Order, the Court noted that "Plaintiffs' Amended Complaint fails to cure the deficiencies of the initial Complaint because it still fails to allege facts that connect the online posts with Plaintiffs' claimed damages."

Here, Plaintiffs again attempt to link the online posts with loss of income and business revenue without alleging any facts creating a nexus between them. For example, with regard to lost income, Plaintiffs contend that Plaintiff Christopher Walden was employed as a civilian by the Department of Defense in 2020. They then leap forward to a non-selection notice from January 26, 2024, and assert that the decision not to hire him must somehow be connected to the posts; however, there are absolutely zero asserted facts to support this conclusion.

In another example, with regard to lost business earnings, Plaintiffs contend that "trust in Plaintiffs' business deteriorated and business opportunities suffered" and that revenue "that had been approximately $111,000 in 2023 dropped to approximately $5,000 in 2024." Plaintiffs conclude that this "is a direct chain of harm resulting from Defendant's campaign," again without alleging any connecting facts. Plaintiffs' claim for defamation is **dismissed**.

To state a claim for false light invasion of privacy in Washington state, a plaintiff must demonstrate that the defendant publicized material that placed the plaintiff in a false light and (1) the false light would be highly offensive to a reasonable person and (2) the defendant knew or recklessly disregarded both the falsity of the publication and the light in which the plaintiff would be placed. *Eastwood v. Cascade Broad. Co.*, 106 Wash. 2d 466, 470–71 (1986).

Given the ubiquity of social media, it would be hard to find a single individual who has not been subjected to false statements on the internet.  With that in mind, it is not clear that postings on social media and other sites—whether false or not—would be considered highly offensive to a reasonable person. Furthermore, Plaintiffs have provided a sworn declaration by Defendant, wherein he stated that he did not believe

**ORDER OF DISMISSAL  # 2**

the posts would cause any harm, and there have been no facts alleged that show Defendant acted recklessly. Therefore, Plaintiffs' claim for violation of privacy under the false light doctrine is **dismissed**.

Washington state law provides a remedy for intentional infliction of emotional distress known as the "tort of outrage." *See, e.g.*, *Kloepfel v. Bokor*, 149 Wash. 2d 192, 195 (2003). The tort of outrage has three elements: "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Id*. at 195–96. To satisfy the second element, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Grimsby v. Samson*, 85 Wash.2d 52, 59–60 (1975) (quoting Restatement (Second) of Torts § 46 cmt. d). The time-honored test for intentional infliction of emotional distress is whether a recitation of the facts would cause a reasonable person to exclaim that the defendant's conduct was "outrageous!" *Kloepfel*, 149 Wash.2d at 196. Thus, the tort of outrage "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Grimsby v. Samson*, 85 Wash.2d 59 (quoting Restatement (Second) of Torts § 46 cmt. d).

Here, the conduct alleged—the posting of false statements on the internet—falls far short of being "utterly intolerable in a civilized community" and Plaintiffs' claim for damages under the tort of outrage is **dismissed**.

To state a claim for tortious interference with a business expectancy, a plaintiff must demonstrate (1) a valid business expectancy existed, (2) the defendant had knowledge of the expectancy, (3) the defendant intentionally interfered with the expectancy and induced a breach or termination of the expectancy, and (4) damage resulted from the interference and subsequent breach or termination. *Sea-Pac Co. v. United Food & Com. Workers Loc. Union 44*, 103 Wash. 2d 800, 805 (1985). A plaintiff alleging tortious interference "must show that the future opportunities and

**ORDER OF DISMISSAL  # 3**

profits are a reasonable expectation and not based on merely wishful thinking." *Id*.

Here, Plaintiffs allege a loss of business income, which could potentially satisfy the fourth element. However, Plaintiffs have not identified a valid business expectancy, failed to show that Defendant had knowledge of the expectancy, and failed to show that a breach or termination occurred as a result of the alleged interference. Plaintiffs' barebones assertions regarding reduced business earnings— without more—constitutes mere wishful thinking. The claim for tortious interference with business expectancy is therefore **dismissed**.

Accordingly, **IT IS HEREBY ORDERED**:

1.      The above-captioned case is **DISMISSED with prejudice** and without costs or attorney's fees.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to Plaintiff, and **close** the file.

**DATED** this 10th day of August 2026.

_____
Stan Bastian
Chief United States District Judge

**ORDER OF DISMISSAL  # 4**